UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JP Morgan Chase Bank, N.A.
(Successor by Merger to Bank One, N.A.)           Case No. 02-16014
                         Plaintiff

         -vs-

Safeco Insurance Company of America,          Order

                         Defendant

The above-referenced case was part of a multidistrict litigation proceeding consolidated before this Court for pretrial purposes pursuant to 28 U.S.C. § 1407. This case is scheduled for jury trial on September 11, 2012. Before the Court is plaintiff, JP Morgan Chase Bank, N.A.'s (successor by merger to Bank One, N.A.)(Bank One) Memorandum of Law in support of its claim of a constitutional right to a trial by jury on its breach of surety contract. (Doc. 194). Bank One argues that an earlier finding in this case that a bench trial was proper as to Bank One's reformation claim was erroneous and violates the constitutional right to jury trial on the issue of novation.

Familiarity with the complex factual background of these cases is assumed.[1] For purposes of these motions, this Opinion sets forth only the limited universe of facts pertinent to the Court's decision.[2]

For the reasons that follow, I reject Bank One's challenge to the prior findings in these cases and I adhere to those previous determinations.

---

[1] For detailed factual background, review two bench trial opinions in these and related cases. (02-16000, Doc. 2459; 02-16014, Doc. 131)(Bench Trial Opinions).

[2] Where not otherwise defined herein, capitalized terms in this Opinion have the meanings ascribed to them in the Bench Trial Opinions, as applicable.

1

**BACKGROUND**

This case arises from lease bonds, through which defendant Safeco guaranteed payment of the income stream generated from leases from Commercial Money Center, Inc. (CMC) to lessees of equipment which CMC provided. CMC funded its own purchase of the equipment with loans. The Safeco bonds were part of the assurance given to those institutions that they would receive the income stream, which CMC assigned to them as security for the loans. Bank One was an assignee in several separate transactions of the income stream and, as well, the Safeco bonds.

In Bank One's instance, it first provided the funds to an intermediary, a "Guardian Entity."[3] The Guardian Entities acquired an interest in the CMC lease bonds and/or the income stream which those bonds guaranteed. To obtain the income stream from CMC, a Guardian Entity would provide funds to CMC, which, in turn, obtained the equipment and leased it to the lessees.

After issuance of the Safeco bonds, the parties to each transaction executed a Sales and Servicing Agreement (SSA). The SSA memorialized various rights and obligations, primarily pertaining to servicing of the leases.

CMC went defunct. Its lease stream dried up completely. Bank One now seeks to recover on the lease bonds. It also asserts other claims based on breach of Safeco's obligations under the SSAs. Safeco denied liability on the lease bonds, and asserts the affirmative defense of fraud in the inducement by CMC, which originally arranged for the lease bonds. Safeco seeks rescission of the bonds and the SSAs.

---

[3] "Guardian Entities" means Guardian Capital II, LLC; and Guardian Capital III, LLC. Those entities are no longer part of this litigation.

**DISCUSSION**

**A. Procedural Background**

In May, 2009, the District Judge then assigned to this case, the Hon. Kathleen M. O'Malley,[4] scheduled a bench trial in nine of the cases in the consolidated MDL proceeding. That bench trial occurred in July and September, 2009, focused, with the parties' consent, on the threshold issue of whom the parties intended to be the original obligee on the lease bonds issued by Safeco and other sureties in the CMC lease bond program.[5] This issue was referred to throughout these proceedings by the parties and the Court as the "obligee issue." Subsequently, in May 2010, the Court issued its bench trial opinion (Bench Trial Opinion I), which found that CMC was the original intended obligee on the lease bonds issued by Royal and Safeco in the transactions at issue. As a result, the Court held, the Sureties were not barred from asserting fraudulent inducement defenses against the assignee banks.

Bank One did not consent to or participate in the Court's bench determination of the obligee issue. It asserted a jury trial right applied to the issues Judge O'Malley determined and that her findings in Bench Trial Opinion I expressly did not apply to Case No. 02-16014. She issued an Order on May 26, 2009, that the parties to this case brief the issue of "whether the issue of obligee status on the lease bonds is properly subject to determination by jury or by the Court." (02-16000, Doc. 2227).

Pursuant to that Order, both Bank One and Safeco submitted briefs, and on June 14, 2010, Judge O'Malley issued an Order (Obligee Issue Order)(Doc. 57). In the Obligee Issue

---

[4] Now a Judge on the Federal Circuit.

[5] Several surety companies issued the same kinds of surety bonds with regard to CMC equipment leases. Only Safeco bonds are at issue in this case.

3

Order, Judge O'Malley determined: 1) the obligee issue presented questions of reformation; 2) reformation was an equitable issue suitable for nonjury determination; 3) Bank One's assertion of legal claims, including its novation claim, did not preclude the Court from addressing the threshold question of reformation; and 4) Bank One's novation claim was premised on the terms of the transaction documents, rather than any extrinsic evidence, and thus also could be determined by the Court as a matter of law.

In finding that no jury trial was required on Bank One's novation claim, Judge O'Malley stated:

> The Court also rejects Bank One's assertion that a jury trial is required on its novation claim.  While Bank One suggests that questions of fact related to the novation issue require a jury determination, the Court carefully has examined Bank One's brief and the attached exhibits, and has found no evidence raising factual disputes on the issue of novation.  In the extensive briefing and evidentiary submissions proffered by Bank One, the issue of novation is given cursory treatment in only one page of Bank One's brief.  It is plain from a review of Bank One's submission that (1) Bank One seeks to introduce no testimony or other extrinsic evidence as to the issue of novation; and (2) Bank One's novation claim is premised on the language of the transaction documents alone.
>
> As noted in the case law relied upon by Bank One, where "the [novation] issue turns upon the meaning of a written instrument and there is no conflicting extrinsic evidence, then the question is one of law upon which a reviewing court may exercise its independent judgment. . . ." *Howard v. County of Amador*, 220 Cal. App. 3d 962, 980 (Cal. App. 3d Dist. 1990).  Accordingly, in these circumstances, this Court may examine the transaction documents and determine whether any intent to effect a novation appears within those documents.  No jury trial is required on this issue.

02-16014, Doc. 57, at 16.

Following the Obligee Issue Order, Judge O'Malley conducted a bench trial in December, 2010, in Case No. 02-16014.  Her second Bench Trial Opinion (Bench Trial Opinion

II) followed in August, 2011. In Bench Trial Opinion II, Judge O'Malley reached conclusions substantially identical to those she had reached in Bench Trial Opinion I—*i.e.*, that CMC was the original obligee on the lease bonds, and Bank One by assignment succeeded to CMC's interests, including its obligee status, in the lease bonds. With respect to Bank One's novation arguments, Judge O'Malley specifically found the transactions did not effect a novation, so that Bank One (and/or the Guardian Entities) did not gain obligee status by virtue of a novation.

### B. Analysis

Bank One now wants me to reverse Judge O'Malley's decisions that: 1) she could decide the novation issue *via* a bench trial, and 2) no novation occurred in these transactions. Bank One argues: 1) the decision not try the issue of novation before a jury was inconsistent with Judge O'Malley's finding, in December, 2007, that the issue of novation could not be determined in the context of summary judgment (*see In re Commercial Money Centers,* MDL 02-16000, Doc. 2138, at 57-58); 2) she erred in concluding that Bank One's novation claim was not premised on evidence outside the transaction documents; 3) the decision to determine the novation claim in the context of a bench trial unconstitutionally violated Bank One's right to a jury trial on its legal claims, *see, e.g., Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962); *Paykar Construction, Inc. v. Spilat Construction Corp.*, 92 Cal. App. 4th 488, 494 (2d Dist. 2001); and 4) in reaching her conclusions in Bench Trial Opinion II, Judge O'Malley impermissibly weighed extrinsic evidence in finding that Bank One had failed to demonstrate a novation. Bank One requests, accordingly, that the Court submit the issue of novation to the jury as part of the upcoming jury trial proceedings.

Safeco asserts: 1) Judge O'Malley correctly concluded that Bank One's novation argument was not premised on extrinsic evidence and thus could be determined as a matter of

law; 2) Bank One waived the right to challenge the Obligee Issue Order by presenting evidence as to its novation claim during the bench trial proceeding, and by failing to ask Judge O'Malley to reconsider the Obligee Issue Order before issuing Bench Trial Opinion II; 3) Bench Trial Opinion II did not weigh or consider any extrinsic evidence; and 4) the law of the case should prevent me from reconsidering an issue fully determined by Bench Trial Opinion II. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).

Bank One premises its Memorandum and Reply almost entirely on its challenge to prior Orders in this case: namely, the Obligee Issue Order and Bench Trial Opinion II. I have considered the authorities which the parties cite and reviewed Judge O'Malley's orders. As Bank One presents no compelling reason to disregard principles of law of the case, I decline to reverse Judge O'Malley's decisions.

Bank One's 2006 request to file summary judgment on the issue of novation (Doc. 57) was filed in response to this Court's Order (*In re Commercial Money Centers*, 02-16000, Doc. 1861) requiring the parties to seek leave to file motions for summary judgment on certain discrete issues. In its Order issued on December 19, 2007 (*Id.*, 02-16000, Doc. 2138), the Court denied Bank One's request to file a summary judgment motion as to the novation issue.

In support of its request to file a summary judgment motion (*Id.,* Doc. 1923), Bank One argued that there were no disputed issues of fact, and that the Court could find a novation based upon the transaction documents alone. In denying Bank One's request, the Court cited to its prior finding, in the Lead Opinion (*Id.*, Doc. 1708), that the language of the transaction documents could not alone support any finding of obligee status on the part of the Banks. Based on that prior conclusion, Judge O'Malley held that Bank One could demonstrate novation only through extrinsic evidence of intent, and thus that the issue was inappropriate for determination

through a summary judgment motion. (*Id.*, Doc. 2138, at 8-9, 58). The Court's December, 2007 Order did not consider whether Bank One, in fact, could or would proffer extrinsic evidence supporting its novation claim.

Over two years later, in her Obligee Issue Order, Judge O'Malley gave detailed consideration to the arguments raised by both Bank One and Safeco with respect to the proper forum for determining each of Bank One's claims. As she observed, Bank One failed to follow her directive to limit briefing to the issue of the proper vehicle for deciding its claims. Rather, in a filing "akin to a summary judgment motion," Bank One presented "detailed argument on the merits as to nearly every aspect of [its] case . . . ." (Doc. 57, at 3). As noted in the Obligee Issue Order, Judge O'Malley dedicated considerable effort to sifting through the volume of material submitted by Bank One to distill the relevant portions of Bank One's argument.

In the Obligee Issue Order, relying in part on Bank One's comprehensive summary of evidence, Judge O'Malley concluded that Bank One rested its novation argument on its interpretation of the transaction documents alone.[6] Judge O'Malley premised her determination that she had properly addressed Bank One's novation claim on that finding as to Bank One's basis for its claim – the transaction documents.

Even if Bank One could show error in the Obligee Issue Order, the holding in the Bench Trial Opinion (Doc. 131) amply demonstrates the propriety of Judge O'Malley's findings as to the nature of Bank One's evidence on the novation issue. In the Bench Trial Opinion, following a review of all evidence presented at trial, Judge O'Malley noted, "Bank One's assertions regarding novation are based entirely on the language of the transaction documents, as well as certain structural features of the transactions . . . ." (Bench Trial Opinion II, Doc. 131, at 108).

---

[6] This finding, of course, was consistent with Bank One's own argument as set forth in its earlier request for leave to file a summary judgment motion.

The Court further stated, "Bank One has not proffered any witness testimony to the effect that, in executing the SSAs, the parties intended to create a novation. Given that Bank One's claims are premised on the transactional language and structure only, the novation issue is essentially a question of law . . . ." (Bench Trial Opinion II, Doc. 131, at 109).

Judge O'Malley proceeded to give detailed consideration to the case law cited by both parties, ultimately concluding that Bank One had failed to establish that the parties' execution of the SSA effected a novation. (Doc. 131, at 114). Accordingly, after an exhaustive analysis, Bench Trial Opinion II fully and finally determined Bank One's novation claim.

While Bench Trial Opinion II referenced certain witness testimony and evidence introduced by Safeco as to the novation issue, the Opinion expressly observed that Bank One introduced no such evidence. Further, Judge O'Malley cited to Safeco's witness testimony only as additional support for its legal conclusion that Bank One had not demonstrated any intent by the parties to effect a novation.

In any event, as stated in Bench Trial Opinion II, Judge O'Malley found Bank One's novation argument entirely illogical in light of the fact that Bank One received its rights in each transaction only by virtue of an assignment from a Guardian Entity. As the Court noted:

> [E]ven if the Court accepted Bank One's argument and found that execution of each SSA effected a novation, it is apparent that such a novation would convey rights only to the relevant Guardian Entity party to each transaction. The Court rejects Bank One's theory whereby the execution of the SSA, and the subsequent assignment of rights by a Guardian Entity to Bank One, could be collapsed into a single "novation," and thus that Bank One would secure obligee rights immediately upon execution of the SSAs . . . .

Bench Trial Opinion II, Doc. 131, at 115.

Judge O'Malley's conclusion that Bank One's novation theory, even if accepted, still would not convey obligee rights to Bank One, was a legal determination, based solely on the

8

transactional structure and the language of the transaction documents. Thus, even if Bank One could proffer witness testimony as to the parties' intent to effect a novation, such testimony could have no ultimate impact on Bank One's status as an assignee in these transactions.

Thus, my review of the December 19, 2007, Order, the Obligee Issue Order, and Bench Trial Opinion II shows that Judge O'Malley's prior opinions reflect her careful consideration and reasoning. Under the doctrine of law of the case, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. . . ." *Arizona v. California*, 460 U.S. 605, 618 (1983). Although I have the power to revisit prior decisions, "as a rule courts should be loath[] to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice. . . .'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)(internal quotation omitted).

I am likewise persuaded that Bank One fails to demonstrate that the Obligee Issue Order was clearly erroneous, or that any injustice would result from following that decision. Nor has Bank One presented any extraordinary or compelling circumstances that would justify overturning Judge O'Malley's findings.[7]

## CONCLUSION

It is, accordingly, hereby

ORDERED THAT for the reasons set forth herein, Bank One's request to overrule certain prior orders (Doc. 194) be, and the same hereby is denied.

---

[7] As a general rule, I impose sanctions ($2000 or attorneys' fees and costs, whichever is greater) on overruling motions for reconsideration. I will not do so in this instance, despite the impact of Bank One's request, not just on Safeco, but on this Court's limited resources. I hereby inform the parties that any further unsuccessful motions to reconsider will result in implementation of my standard practice as to sanctions.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

90955-1

10